**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**JAMES DABNEY, SR.,**

        **Plaintiff,**

**v.**

**ILLINOIS DEPARTMENT OF
NATURAL RESOURCES,**

        **Defendant.**

**Case No. 3:17-CV-482-NJR-GCS**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on dueling motions for summary judgment. The first motion was filed by Defendant Illinois Department of Natural Resources ("IDNR") on February 21, 2019 (Doc. 35). Instead of filing a response to IDNR's motion, Plaintiff James Dabney, Sr. ("Dabney"), filed his own Motion for Summary Judgment on March 13, 2019 (Doc. 41). For the reasons set forth below, the Court grants the IDNR's motion for summary judgment and denies Dabney's motion.

### FACTUAL BACKGROUND

Dabney initially filed this *pro se* employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964 on May 8, 2017 (Doc. 1). Dabney claims that the IDNR unlawfully discriminated against him on account of his race when IDNR did not select him for Site Superintendent II, a promotional position (Doc. 1). Shortly after the case was filed, the Court directed Dabney to file an Amended complaint and attach a copy of any Equal Employment Opportunity Commission ("EEOC") discrimination

charge or right to sue notice issued by the EEOC (Doc. 5). Dabney filed his amended complaint with attachments on August 14, 2017 (Doc. 6).

Dabney, who was hired by the IDNR in 2006 (Doc. 36-1, p. 12), alleges that in May 2015 he applied for an available Site Superintendent II position but was not selected to fill the vacancy. Dabney claims that he was informed he was not selected for this higher level position because he did not possess a bachelor's degree, but asserts that "there are many Caucasian[]" superintendents who do not hold a bachelor's degree or have any experience. Dabney claims that, including him, "[t]here are only two black employees[,]"within the IDNR (Doc. 6, p. 3). He believes he was not selected for the site superintendent position because the IDNR discriminated against him based on his race—black—in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Doc. 6, pp. 2, 3). After learning he was not selected, Dabney filed a complaint with the EEOC in November 2015 (Doc. 6-1, p.10). He received a right to sue notice from the EEOC in late February 2017 (Doc. 6-1, pp. 1, 5). He then filed this action on May 8, 2017, within ninety days of receiving the EEOC right to sue notice (Doc. 1).

In early October 2017, the IDNR filed its answer and affirmative defenses to the amended complaint (Doc. 12). The IDNR denies that its failure to promote Dabney was based on his race or that it violated his civil rights under Title VII in any way. The IDNR also denies that many Caucasians are hired without any experience or degrees and that the IDNR only had two black employees agency-wide (*Id*. at 3).

In February 2019, after discovery closed, the IDNR filed its motion for summary judgment (Doc. 35). IDNR argues that it is entitled to summary judgment because

Dabney's Title VII claim fails as a matter of law and is not supported with evidence. It asserts that the record shows (1) Dabney was not qualified for the superintendent position he sought; (2) the IDNR did not reject him for the superintendent position; and (3) there was no employee selected as superintendent (*Id*. at 1). The IDNR specifically points out that it took no adverse action against Dabney because of his race (Doc. 36, p. 2). Rather, the IDNR explains that as part of the application process for the Site Superintendent II position, the Illinois Department of Central Management Services ("CMS") assessed Dabney's grade for the vacant Site Superintendent II position and issued the decision that he was ineligible for the position (*Id*. at 5). The IDNR asserts that it was not involved in the grading process for which CMS is responsible (*Id*. at 5, 6). Further, the IDNR points out that CMS explained to Dabney that he did not have enough training and experience for the superintendent position; it was not because Dabney lacked a bachelor's degree (*Id*. at 13). Upon filing its motion and memorandum of law (Docs. 35, 36), the IDNR also filed a "Federal Rule of Civil Procedure 56 Notice" for Dabney (Doc. 37).

Instead of filing a response in opposition, Dabney filed his own motion for summary judgment (Doc. 41). In the cross-motion, Dabney restates allegations made in his amended complaint that the IDNR did not consider him for the Site Superintendent II position because of his race. He then alleges new facts that two other IDNR employees, both Caucasian, were offered a temporary assignment to the vacant superintendent position, but that he was not despite having more experience than one of the employees approached (*Id*. at 1). Additionally, Dabney, for the first time, identifies a third IDNR

employee working at another location, who also initially was deemed ineligible for a site superintendent position by the CMS. Dabney claims this third IDNR employee was temporarily assigned to the superintendent position at the other location so that this employee could obtain enough experience to receive an eligible grade from the CMS (*Id*.). Dabney claims he was not afforded the same opportunity as this third employee.

Finally, Dabney's motion includes a new claim against the IDNR for retaliation (*Id*. at 2), something that was not alleged in either version of his complaint or the EEOC discrimination charge (Docs. 1, 6, 6-1, p. 10). Among the various documents attached to Dabney's motion is what appears to be a new employment discrimination and retaliation complaint dated March 12, 2019, which only sets forth facts surrounding retaliation (Doc. 41, pp. 3-4, 7-8). The remaining documents consist of what appear to be portions of Dabney's EEOC file, including correspondence, memoranda, partial IDNR responses to the EEOC complaint, union materials, and parts of Dabney's IDNR personnel record (*e.g.*, leave requests, time sheets, official reprimands, etc.) (*Id*. at 9-22). Dabney did not supply the Court with any affidavits or other testimonial documentation, nor did he cite to the record with regard to his allegations.

The IDNR responded to Dabney's motion for summary judgment on May 7, 2019 (Doc. 48). The IDNR argues that Dabney failed to address any of its statements of material facts, so the Court should consider the IDNR's facts admitted under Rule 56(e) of the Federal Rules of Civil Procedure (*Id*. at p. 2). The IDNR again reiterates that Dabney is not entitled to summary judgment on his discrimination claim in the context of failing to promote because Dabney cannot carry his burden of making a *prima facie* case (*Id*.).

Specifically, the IDNR argues that he cannot produce evidence that a similarly situated non-African American comparator was treated more favorably than he was (*Id*.). The IDNR also argues that this Court should disregard statements by others that Dabney repeated in his motion because those statements constitute inadmissible hearsay, and that regardless of the statements being inadmissible hearsay, the three individuals Dabney mentions are not comparators (*Id*. at 3-4). Last, the IDNR asserts that Dabney cannot produce evidence tending to show the IDNR's given reasons for its decision not to promote Dabney was a pretext for unlawful discrimination (*Id*. at 4).

## LEGAL STANDARD

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (quoting FED. R. CIV. P. 56(a)). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 232-24 (1986). Stated another way, the nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts," to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, no issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *See Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008). The nonmovant cannot simply rely on its pleadings; the nonmovant must present admissible evidence that sufficiently shows the existence of each element of its case on which it will bear the burden of proof at trial. *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995) (citing *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995); *Greater Rockford Energy and Technology Corp. v. Shell Oil Co.*, 998 F.2d 391, 394 (7th Cir. 1993)). "If a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion." FED. R. CIV. P. 56(e). So, when the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted). In sum, if a claim or defense is factually unsupported, it should be disposed of on summary judgment. *Celotex*, 477 U.S. at 323-24.

## DISCUSSION

There are three preliminary matters the Court must address outright. First, the Court notes that Dabney's motion for summary judgment asked "the Court for relief to subpoena or get affidavits" from the IDNR employees he alleged in his summary judgment motion that were treated more favorably (Doc. 41, p. 1). Given Dabney is a *pro se* litigant, the Court construes his filings liberally. And here, it appears Dabney is requesting that the Court assist him in obtaining admissible statements from persons he alleges the IDNR treated better than him. However, Dabney's perceived Rule 56(d)

request, if granted, would require the Court to re-open and extend discovery after it closed nearly ten months ago on November 6, 2018 (Doc. 19). Moreover, in requesting such assistance, Dabney did not show by affidavit or declaration what specific reasons exist to justify re-opening and extending discovery after it has closed. *See Smith v. OSF Healthcare System*, 933 F.3d 859, 864-65 (7th Cir. 2019). Notably, during his deposition in October 2018 when asked what support he had for statements of other individuals that he repeated on the record, Dabney stated that he "could get a statement" from individuals to support his contentions (Doc. 36-1, at 77). But in his summary judgment motion, Dabney did not indicate any independent efforts he made to obtain any admissible statements and did not include any admissible affidavits or declarations. Additionally, for the reasons addressed more fully below, Dabney's claim clearly is without merit. For these reasons, the Court denies Dabney's request to the extent it is a Rule 56(d) motion. *Id.*

Second, Dabney did not present sufficient evidence to show the existence of each element of his case, nor did he cite to the materials of record to dispute the IDNR's assertions of material facts that directly dismantle his *prima facie* case. Rule 56(e) provides that when a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

> (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order.

FED. R. CIV. P. 56(e). Here, Dabney's motion for summary judgment merely restated facts

and legal conclusions alleged in his amended complaint as well as added more facts not previously before the Court. Dabney did not support any of these allegations or legal conclusions with admissible evidence, nor did he properly cite to particular parts of the record that could support a determination that a genuine dispute of material facts exists for trial. Instead, Dabney's motion ignored the material facts set forth in the IDNR's summary judgment motion that concretely prevent Dabney's ability to show a *prima facie* discrimination claim.

The Court also notes that when the IDNR filed its motion for summary judgment, it also filed a "Federal Rule of Civil Procedure 56 Notice" (Doc. 37), which clearly informed Dabney that unless he "contradicts the movant with counter-affidavits and/or other documentary evidence," the Court would take the movant's properly asserted facts as true (*Id*. at p. 3). Thus, the Court will consider the facts and statements properly made by the IDNR in its motion for summary judgment as undisputed for purposes of the motions pursuant to Rule 56(e)(2).

Third, Dabney's motion for summary judgment included another form complaint with new allegations of retaliation (Doc. 41). Unfortunately, however, Dabney did not include the claim in his amended complaint, he did not seek leave from the Court to file a second amended complaint, and he did not file the retaliation charges with the EEOC. *Tyson v. Gannett Co., Inc.*, 538 F.3d 781, 783 (7th Cir. 2008); *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). Simply put, Dabney's retaliation claim is not properly before the Court, and it will not be considered as a claim or as evidence to support his motion for summary judgment.

Turning to Dabney's discrimination claim, it is based solely on his allegation that because of his race he was not selected to fill the Site Superintendent II position for which he wanted to apply. The IDNR argues that it is entitled to judgment as a matter of law because Dabney has failed to, and cannot, carry his burden of making a *prima facie* case on his race-based failure to promote claim. Specifically, the IDNR asserts that Dabney cannot produce evidence showing that a reasonable trier of fact could conclude that the IDNR took a material adverse action against him on account of his race. Additionally, the IDNR argues that Dabney's failure to promote claim fails because the record shows that he was not qualified, that CMS was the agency that determined he was not qualified, not the IDNR, and that no employee was selected to fill the vacant Site Superintendent II position.

Under Title VII, employers are prohibited from discriminating based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In order to survive summary judgment and proceed to trial on a failure to promote claim, "a plaintiff either must produce 'sufficient direct or circumstantial evidence that [the employer's] promotion decisions were intentionally discriminatory or make an indirect case of discrimination' under the burden-shifting method of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *Riley v. Elkhart Comty. Sch.*, 829 F.3d 886, 892 (7th Cir. 2016) (citing *Adams v. City of Indianapolis*, 742 F.3d 720, 735 (7th Cir. 2014)). Because Dabney did not present any direct evidence of discrimination,[1] the Court

---

[1] "Direct evidence is evidence which, if believed by the trier of fact, will prove the particular fact in question without reliance upon inference or presumption." *Riley-Jackson*, 776 F.Supp.2d at 821-22 *quoting Rudin v.*

will examine his claim under the *McDonnell Douglas* burden-shifting model. *See Riley-Jackson v. Casino Queen, Inc.*, 776 F.Supp.2d 815, 823 (S.D. Ill. Feb. 27, 2011).

Under the burden-shifting model, Dabney must first produce evidence of a *prima facie* case for failure to promote under Title VII that shows: (1) he was a member of a protected class; (2) he was qualified for the position sought; (3) he was rejected for the position; and (4) IDNR promoted someone outside the protected group who was not better qualified than him. *Riley v. Elkhart Cmty. Sch.*, 829 F.3d 886, 891-92 (7th Cir. 2016); *Jaburek v. Foxx*, 813 F.3d 626, 631 (7th Cir. 2016); *Garofalo v. Village of Hazel Crest*, 754 F.3d 428, 439 (7th Cir. 2014). If Dabney can make the *prima facie* case, the burden shifts to the employer to produce a legitimate, non-discriminatory business reason for not selecting Dabney for promotion. *See, Hoffman-Dombrowski v. Arlington Intern. Racecourse, Inc.*, 254 F.3d 644, 650 (7th Cir. 2001). If the IDNR produced a satisfactory explanation, the burden would shift back to Dabney to show that the IDNR's explanation is pretextual. *See id*.

Here, Dabney cannot establish a *prima facie* case and the burden will not shift to the IDNR to produce a legitimate, non-discriminatory reason for not promoting Dabney.

---

*Lincoln Land Cmty. College*, 420 F.3d 712, 720 (7th Cir. 2005) (additional citation omitted). "This evidence usually requires an admission from the decisionmaker about his discriminatory animus, which is rare indeed, but a plaintiff can also establish an inference of discrimination under the direct method by relying on circumstantial evidence such as:

> (1) suspicious timing, ambiguous oral or written statements, or behavior toward or comments directed at other employees in the protected group; (2) evidence, whether or not rigorously statistical, that similarly situated employees outside the protected class received systematically better treatment; and (3) evidence that the employee was qualified for the job in question but was passed over in favor of a person outside the protected class and the employer's reason is a pretext for discrimination."

*Id.*, 776 F.Supp.2d at 822 *quoting Nagle v. Village of Calumet Park*, 554 F.3d 1106, 1114 (7th Cur, 2009) (additional citations omitted). This type of circumstantial evidence of intentional discrimination must be "sufficiently connected to the employment action, *i.e.*, made by the decisionmaker, or those who influence the decisionmaker, and made close in time to the adverse employment decision." *Id.*, quoting *Dandy v. United Parcel Service, Inc.*, 388 F.3d 263, 272 (7th Cir. 2004) (additional citations omitted).

Although it is undisputed that Dabney, a black man, belongs to a protected class, he has failed to produce evidence on the three remaining elements.

Here, Dabney concedes that the only agency that calculates an applicant's grade for hiring and promotional purposes is CMS and not the IDNR (Doc. 36-1, p. 41). Yet, Dabney claims that the IDNR discriminated against him and did not promote him because of his race even though he received a grade of "ineligible" from the CMS for the Site Superintendent II position. Dabney steadfastly alleges that the CMS and IDNR hire people all the time who are not qualified. Yet, he does not provide any admissible evidence to support that fact, nor does he provide admissible evidence that he possessed the required promotional grade, training, and experience for the Site Superintendent II position. *Riley*, 829 F.3d at 829. Dabney also admitted he did not know what grades other employees received who he claims were unqualified (Doc. 36-1, pp. 72; 88).

Moreover, Dabney says he submitted his application for the Site Superintendent II position to CMS but was told he did not have enough experience or education (Doc. 36-1, p. 66). Dabney appealed his ineligible grade to CMS (*Id*. at 67-70), and CMS responded with an explanation of its grade calculation (*Id*. at 113). CMS explained that the Site Superintendent II position required knowledge and skills equivalent to a bachelor's degree, plus three years of supervisory experience (*Id*.). CMS calculated that his training and experience was equivalent to a four-year degree, but that his experience was not equivalent to possessing at least three years of supervisory experience (*Id*.). Because three years of supervisory experience was required to satisfy the minimum requirements to be

considered eligible for the position, Dabney did not meet the minimum requirements (*Id.*). CMS therefore refused to change his ineligible grade (*Id.*).

In order to show a *prima facie* case, Dabney needed to establish with sufficient evidence that he was qualified for the Site Superintendent II position. But Dabney failed to present sufficient evidence that he was qualified and instead only offered unsupported statements that the IDNR hires people without eligible grades. Again, Dabney never produced any evidence supportive of these alleged facts. At most, Dabney's facts constitute speculation, which may not be used to manufacture a genuine issue of fact. *See Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008); *Amadio v. Ford Motor Co.*, 238 F.3d 919, 927 (7th Cir. 2001); *Rand v. CF Industries, Inc.*, 42 F.3d 1139, 1146 (7th Cir. 1994).

Because CMS determined Dabney was ineligible for the position he sought, and Dabney did not present any admissible evidence sufficient to support his contention that he was qualified for the Site Superintendent II position, Dabney failed to establish a necessary element of his *prima facie* claim for failure to promote based on race discrimination. Because summary judgment for the employer is appropriate if the employee fails to establish even one of the elements of a *prima facie* case for failure to promote, *Riley*, 829 F.3d at 892, the Court need not address each remaining element. Nevertheless, the Court notes that it is clear from the record that CMS is responsible for the grading process of applicants—not the IDNR. In other words, Dabney would not be able to prove that the IDNR that took an adverse action resulting in his rejection for the promotional position for which he did not qualify. Thus, Dabney's *prima facie* case would also fail on this element.

In sum, Dabney failed to produce admissible evidence in support of his allegations and instead relied solely upon speculation and conclusory statements. This is insufficient to establish a *prima facie* case of race discrimination under Title VII, and his motion for summary judgment must be denied. Moreover, the IDNR produced evidence that CMS assessed Dabney's grade for the vacant Site Superintendent II position and issued the decision that he was ineligible for the position. While Dabney's training and experience was sufficient to equate to the four-year degree requirement, Dabney lacked the three years of supervisory experience required to qualify for the position. Because Dabney did not genuinely dispute this evidence demonstrating he was not qualified for the position, summary judgment is warranted in favor of the IDNR.

### Conclusion

For these reasons, the Court **GRANTS** the Motion for Summary Judgment filed by Defendant IDNR (Doc. 35) and **DENIES** the Motion for Summary Judgment filed by Plaintiff James Dabney, Sr. (Doc. 41). This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  September 30, 2019**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**